RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
nardo@raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Sanchez,<br><br>                         Plaintiff,<br><br>     --against—<br><br>Park Avenue North Realty LTD., UMDC Property Management, Moe Yaghoubi, as an individual,<br><br>                         Defendants. | **COMPLAINT**<br><br>**22-CV-1392** |

Plaintiff, CARLOS SANCHEZ, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, PARK AVENUE NORTH REALTY LTD., UMDC PROPERTY MANAGEMENT, and MOE YAGHOUBI, jointly and severally (collectively referred herein as "defendants") allege:

**NATURE OF THE ACTION**

1.   This action seeks to recover minimum wage and unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

2.   Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to pay plaintiff minimum wage and premium overtime pay for all hours worked.

## JURISDICTION

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and

jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 216(b).

5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## VENUE

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§1391 because the corporate defendant is located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7.    Defendants employed plaintiff **CARLOS SANCHEZ** to perform the following

duties from on or June 2012 through present as a Superintendent.

8.    Plaintiff's duties were as follows:

   a.  organize and move garbage,

   b.  separate recycling,

   c.  sweep building,

   d.  walk building,

   e.  mop building,

   f.  complete work orders,

g.  and assist tenants as directed.

9.  Plaintiff did not supervise two or more full-time employees.

10.  Plaintiff was not able to hire or fire for Defendants, nor recommend hiring or firing.

11.  Plaintiff was not exempt from the FLSA.

12.  Plaintiff was not exempt from the NYLL.

13.  Defendants employed Plaintiff 6 days per week, from 8:00am to 6:00pm, for approximately 60 hours each week, and Plaintiff was on call for 24 hours a day, 7 days a week.

14.  Defendants provided Plaintiff with a basement level apartment.

15.  Defendants paid plaintiff no wages during this time.

16.  As a result of the failure to pay wages, the Building Service Industry Wage Order does not apply to Plaintiff.

17.  Defendants did not pay Plaintiff the basic minimum hourly wage for all hours worked.

18.  Defendants did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week.

19.  Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

20.  Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

21.  Defendant **PARK AVENUE NORTH REALTY LTD.** is a New York corporation with its principal executive office located at **1677 LEXINGTON, 2D, NEW YORK, NY, UNITED STATES, 10029.**

22.  Defendant **PARK AVENUE NORTH REALTY LTD.**  is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including computers, pens, pads, mops, buckets, brooms, and (2) an annual gross volume of revenues in excess of $500,000.

23.  Defendant **PARK AVENUE NORTH REALTY LTD.** is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

24.  Defendant **PARK AVENUE NORTH REALTY LTD.** processed credit card payments in the usual course of business.

25.  Defendant **UMDC PROPERTY MANAGEMENT**  is a New York company with its principal executive office located at **1767 Central Park Ave. Suite 362, Yonkers, NY 10710.**

26.  Defendant **UMDC PROPERTY MANAGEMENT**  is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including computers, pens, pads, and (2) an annual gross volume of revenues in excess of $500,000.

27.  Defendant **UMDC PROPERTY MANAGEMENT** is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

28.  Defendant **UMDC PROPERTY MANAGEMENT** processed credit card payments in the usual course of business.

29.  At all relevant times, **MOE YAGHOUBI** has maintained control, oversight, and direction over plaintiff.

30.  Defendant **MOE YAGHOUBI** is employed by **PARK AVENUE NORTH REALTY LTD.** and/or **UMDC Property Management**.  He exercises sufficient control over either or both corporations' operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' pay practices.

31.  The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

32.  Defendants suffered or permitted plaintiff to work and did not compensate plaintiff at the minimum wage required under New York State Law.

## DEFENDANTS' FAILURE TO PAY OVERTIME

33.  Defendants suffered or permitted plaintiff to work more than 40 hours per week, without paying Plaintiff premium overtime pay at the rate of time and one half for hours

worked in excess of 40 hours per week under the FLSA and New York Labor Law.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

34.   The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

35.   Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

36.   The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

37.   Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

## SPREAD OF HOURS PAY

38.   Pursuant to of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Defendants were required to pay Plaintiff an extra hour of pay at the basic minimum hourly wage for each day that Plaintiff's spread of hours worked exceeded 10 hours per day.

39.   Defendants failed to pay Plaintiff an extra hour of pay for each hour in which Plaintiff's spread of hours met, or exceeded, 10 hours per day.

**MANUAL WORKER PAY**

40. Defendants never paid Plaintiff.

41. Defendants are an "employer" under Article 6 of the New York Labor Law.

42. Plaintiff is an "employee" and a "manual worker" under Article 6 of the New York Labor Law.

43. Defendants were required to pay Plaintiff every week, no later than seven calendar days after the end of the week in which the wages are earned, according to §191(1)(a)(i) of the New York Labor Law.

44. Defendants violated the New York Labor Law.

**UNLAWFUL WITHHOLDING OF WAGES**

45. Pursuant to §193 of the New York Labor Law, Defendants cannot deduct wages from Plaintiff.

46. Defendants unlawfully deducted all wages from Plaintiff, in violation of §193 of the New York Labor Law.

**FIRST CAUSE OF ACTION**
**(FLSA - Unpaid Minimum Wages)**

47. Plaintiff reallege, and incorporate by reference, all allegations as though previously set forth herein.

48. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 et seq.

49. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C.

§§ 201 et seq.

50.  Defendants have failed to pay plaintiff minimum wages to which he is entitled under the FLSA.

51.  Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were, or should have been, aware of the fact that the practices described in this Complaint were unlawful.

52.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

53.  Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

54.  As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### (NYLL - Unpaid Minimum Wages)

55.  Plaintiff realleges, and incorporates by reference, all allegations as though previously set forth herein.

56.  Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

57.  At all times relevant, plaintiff has been an employee of defendants, and

defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

58.  Defendants have failed to pay plaintiff the minimum wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

59.  Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

60.  Due to Defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**

61.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

62.  Defendants have failed to pay plaintiff premium overtime pay to which he is entitled under the FLSA.

63.  Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

64.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

65.  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

66.  As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**FOURTH CAUSE OF ACTION**
**(NYLL – Unpaid Overtime)**

67.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

68.  Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69.  At all times relevant, plaintiff was an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

70.  Defendants have failed to pay plaintiff premium overtime pay to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

71.  Through their knowing or intentional failure to pay premium overtime pay to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

72.  Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid overtime pay and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

73.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

74.  Defendants have willfully failed to supply plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

75.  Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

76.  Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

77.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

78.  Defendants have willfully failed to supply plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

79.  Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

80.  Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000,  plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SEVENTH CAUSE OF ACTION
### (Spread of Hours Pay)

81.  Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

82.  Defendants regularly and knowingly required Plaintiff to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

83.  Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

84.  Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, Plaintiff's unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (Manual Worker Late Pay)

85.   Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

86.  Defendants never paid Plaintiff.

87.  Defendants were required to pay Plaintiff every week, no later than seven calendar days after the end of the week in which the wages are earned, according to

§191(1)(a)(i) of the New York Labor Law.

88.   Defendants paid the Plaintiff every other week, in violation of the New York Labor Law, causing damage to Plaintiff, and entitling Plaintiff to liquidated damages plus counsel fees.

## NINTH CAUSE OF ACTION
### (Unlawful Deduction of Wages)

89.   Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

90.   Defendants are covered under Article 6 of the New York Labor Law as an "employer."

91.   Plaintiff is an "employee" under Article 6 of the New York Labor Law.

92.   Defendants unlawfully withheld wages in violation of §193 of the Labor Law, causing damage to Plaintiff, and entitling Plaintiff to liquidated damages plus counsel fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a.   Declaring that defendants have violated the minimum wage and overtime pay provisions of the FLSA, and supporting United States Department of Labor Regulations;

b.   declaring that defendants have violated the minimum wage and overtime provisions of the NYLL, and supporting regulations;

c.   declaring that defendants have violated the Wage Theft Prevention Act;

d.   declaring that defendants' violations of the FLSA were willful;

e.   declaring that defendants' violations of the NYLL were willful;

f.    awarding plaintiff damages for all unpaid wages;

g.    awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.    awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i.    awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

j.    awarding plaintiff damages for spread of hours pay, including liquidated damages;

k.    awarding plaintiff damages for failing to pay weekly wages;

l.    awarding plaintiff damages for failure to pay wages pursuant to §193 of the Labor Law;

m.    awarding plaintiff liquidated damages for the late payment of wages due to a manual worker;

n.    issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

o.    awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

p.    granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

q.   awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and

the NYLL;

r.   awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         February 18, 2022

                                        RAYMOND NARDO, P.C.

                          By:      RAYMOND NARDO, ESQ.
                                   129 Third St
                                   Mineola, NY 11501
                                   (516) 248-2121
                                   nardo@raynardo.com
                                   *Counsel for Plaintiff*